## JURISDICTION OF MAGISTRATES IN CRIMINAL CASES IN FRANKLIN COUNTY.

Common Pleas Court of Franklin County.

HILLOCK V. STATE AND FIVE OTHER CASES.

Decided, May 19, 1920.

*Justices of the Peace—Serving in Townships Outside the City of Colum bus—Without Authority to Try Offenses Committed in Columbus.*

Jurisdiction of justices of the peace over offenses committed within the boundaries of the city of Columbus was by the municipal court act taken away from justices of the peace of townships of Franklin county outside of said city, and a conviction and judgment by one of such justices in a case where the offense was committed within the city limits must be held for naught.

*A. H. Johnson, C. C. Pavey* and *E. J. Schanfarber,* for plaintiff in error.

*John G. Price,* attorney general, and *D. F. Mulhorn,* assistant attorney general, for defendant in error.

ROGERS, J.

The six above cases are before this court on the petitions in error. They involve the same questions, hence will be considered together.

It appears that each of the defendants below (plaintiffs in error) was arrested, tried and convicted before F. C. McVay, justice of the peace of Marion township of this county, for having in possession the plumage of a wild bird other than a game bird, in violation of Section 1408, G. C., as amended (Vol. 108, Part 1, O. L., pp. 577, 586), filed in office of Secretary of State, June 6, 1919.

The defendants were each residents of the city of Columbus, Ohio, and at all times had the plumage of the alleged wild birds alleged to be in their possession within the corporate limits of said city; and at no time did they have such plumage in their possession in Marion township at, prior to, or since the time of the alleged crime. Hence, upon the undisputed facts just stated the defendants each challenged the jurisdiction of the magistrate over the persons of the defendants and the subject matter of the alleged crimes. Their objections to such juris-

diction were severally overruled by the magistrate, to which exceptions were duly taken in each case. Thereupon the parties defendant were tried, convicted and sentenced. A bill of exceptions was taken and error is prosecuted here to the respective judgments. The first question for determination in the course of this proceeding is as to the jurisdiction of the magistrate.

Prior to the constitutional amendments of 1912, effective January 1, 1913, the office of the justice of the peace had been a constitutional office. Since that time it is wholly a creature of statute and by the provisions of Section 1711-1, G. C. (Vol. 103, O. L. 214), it is declared:

"Section 1711-1. That there be and is hereby established in each of the several townships in the several counties of the state of Ohio, except townships in which a court other than a mayor's court now exists *or may hereafter be created* having jurisdiction of all cases of which justice of the peace have or may have jurisdiction, the office of the justice of the peace."

Subsequently to the above enactment and prior to the alleged commission of the offense charged against the defendants a municipal court was established for the city of Columbus, of which, of course, the court and parties will take notice. Further, by the act, and amendments and supplements thereto establishing such court, among other things all jurisdiction theretofore conferred upon justices of the peace was conferred upon the municipal court.

By Section 1558-55a of the act amendatory and supplementary of the act establishing a municipal court in the city of Columbus (Vol. 106, O. L., pp. 365, 369) it is provided:

"Sec. 1558-55a. No justice of the peace in any township in Franklin county, other than Montgomery township, or mayor of any village, in any proceeding, whether civil or criminal, in which any warrant, order or arrest, summons, order of attachment or garnishment or other process except subpoena for witnesses, shall have been served upon a citizen or resident of Columbus or a corporation having its principal office in Columbus, shall have jurisdiction, unless such service be actually made by personal service within the township or village in which said proceedings may have been instituted, or in a criminal matter

unless the offense charged in any warrant or order of arrest shall be alleged to have been committed within said township or village.''

The matter before the magistrate was a criminal matter and it was essential, therefore, to allege and of necessity to prove that the offense charged was committeed within said township, to confer upon the magistrate jurisdiction of the subject matter of the offense. No such allegation was made or proof offered. But as conceded in the bill of exceptions, the offense was not committed in the township of Marion nor did the accused persons reside therein. Hence, if this statute is constitutional, and was in force at the time of the alleged crime (facts which are undisputed), the magistrate had no jurisdiction either of the persons accused or of the subject matter.

It appears that under a similar act to the one last above quoted, which is a part of the act creating the municipal court of Cincinnati, it was in effect held that such provision excluded the jurisdiction of magistrates outside of the city of Cincinnati, but within Hamilton county, over crimes committed within the city. The portion of the act referred to is Section 1558-41, G. C. The case in which the question has been decided is *In re Hesse*, 93 O. S., 230. Newman, J., in discussing Section 1558-41, G. C., along with another section not important here, says:

''By force of these provisions the jurisdiction of justices of the peace outside of Cincinnati township, over criminal matters, is limited to offenses committed within their respective townships, while a justice of the peace in Cincinnati township has no jurisdiction whatsoever over criminal matters. There can be no objection to the constitutional validity of these provisions. Although Section 26 of Article II of the Constitution imposes a limitation upon the legislative power in requiring all laws of a general nature to have uniform operation throughout the state, yet it seems to be settled that, Section 1, Article IV, authorizing the establishment of inferior courts, being a special grant of legislative power upon a particular subject, the General Assembly is vested with full power to determine what other courts it will establish, local if deemed proper, either for separate counties or districts, and to define their jurisdiction and power.''

However, it is claimed that since Section 1558-55a was enacted, Section 1448, G. C., has been enacted (Vol. 108, O. L. Part 1, pp. 577, 602), and by implication repeals the former act relative to the exclusive jurisdiction of the municipal court of Columbus over crimes within its territorial boundaries. The Section referred to is as follows:

"A justice of the peace, mayor or police judge shall have final jurisdiction within his county in a prosecution for violation of any provision of the laws relating to the protection, preservation or propagation of birds, fish, game and fur-bearing animals and shall have like jurisdiction in a proceeding for the condemnation and forfeiture of property used in the violation of any such law."

An examination, however, of the history of the foregoing provision discloses that it is not true that the above provision was passed subsequently to the municipal court act conferring exclusive jurisdiction of offenses committed within the territorial limits of Columbus on such court. The above section as amended was original Section 1468, G. C. (91 O. L., 380, Sec. 75), passed in 1908, and has been in force ever since that date. The only amendment thereto was the additions of the words "fur-bearing animals." It is fundamental that the effect of an amendment is not to repeal and re-enact the original statute but such statute continues in force from the time of the first enactment, except as to the new provisions which became effective from the time the amended act takes effect. Hence the jurisdiction of magistrates throughout the county in plumage violation cases was in force long prior to the municipal court act above mentioned; and by the latter act the jurisdiction of magistrates in Franklin county, so far as offenses committed within the city of Columbus are concerned, was taken away by the municipal court act, and such magistrates were deprived of the right to exercise any jurisdiction over such crimes. Even if Section 1448 was enacted subsequently, conferring jurisdiction throughout the county upon magistrates of all offenses within the act, still such enactment did not repeal by implication Section 1558-55a. The decision *In re Hesse, supra,* may be cited in support of the last proposition.

Having reached the conclusion that all power to hear and determine offenses committed within the city of Columbus has been taken away from justices of the peace of the respective townships of the county outside of the boundaries of the city, the magistrate who assumed to try these defendants arrogated to himself an authority which he did not possess; and having no jurisdiction his judgment in each case is absolutely void. The judgments are each accordingly reversed and held for naught.